UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JOSE AUGUSTO FERREIRA-TORRES,           :
                        Petitioner,     :
                                        :
            v.                          :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                        Respondent.     :
----------------------------------------x

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED:  6/29/10        │
└─────────────────────────────┘
```

08 Civ. 8025 (BSJ)
02 Cr. 1374 (BSJ)
**Opinion and Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On September 17, 2008, Jose Augusto Ferreira-Torres

("Petitioner") submitted a Petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or

correct his sentence of 168 months' imprisonment followed by

five years of supervised release.  For the reasons that follow,

the Petition is DENIED.

## BACKGROUND

On November 1, 2002, a complaint was filed as to the

Petitioner for the crime of conspiracy to distribute and

conspiracy to import illegal narcotics in violation of 21 U.S.C.

§§ 846 & 963. At Petitioner's presentment and throughout his

court appearances, Petitioner was represented by assigned CJA

counsel. Petitioner was ultimately charged in three separate

indictments: the first, S3 02 Cr. 1373 (TPG), charged Petitioner

with conspiracy to distribute and conspiracy to import MDMA into

the United States in violation of 21 U.S.C. §§ 846 & 963; the

1

second, S2 02 Cr. 1374 (GEL), charged Petitioner with conspiracy
to distribute and conspiracy to import cocaine into the United
States in violation of 21 U.S.C. §§ 846 & 963; and the third, S2
02 Cr. 1517 (BSJ), charged Petitioner with conspiracy to
distribute cocaine in violation of 21 U.S.C. § 846. The three
cases were then consolidated before this Court.

On January 12, 2004, Petitioner pled guilty to all counts
before this Court pursuant to a Plea Agreement with the
Government. Under the Plea Agreement, which both Petitioner and
his attorney signed, the Petitioner and the Office of the United
States Attorney for the Southern District of New York stipulated
to the following: (i) the applicable United States Sentencing
Guidelines ("Guidelines" or "U.S.S.G.") provided for an offense
level of 35 and a criminal history of I, which resulted in a 168
to 210 month sentencing range; (ii) "[n]either a downward nor an
upward departure from the Stipulated Sentencing Guidelines Range
of 168 to 210 months' imprisonment is warranted," and "neither
party [would] seek such a departure or seek any adjustment"; and
(iii) "[t]he defendant will not file a direct appeal, nor
litigate under Title 28, United States Code, Section 2255 and/or
Section 2241, any sentence within or below the Stipulated
Sentencing Guidelines Range of 168 to 210 months ...." During
the plea allocution, Petitioner confirmed he understood the Plea
Agreement and had discussed it with his lawyer. (Plea Tr. at

2

17.) Petitioner confirmed that he understood the applicable Guidelines range, id. at 15, and that he understood that he was waiving his right to appeal or collaterally attack any sentence within the range of 168 to 210 months' imprisonment. (Id. at 17.)

On July 20, 2005, this Court sentenced Petitioner to 168 months' imprisonment followed by five years of supervised release, plus a special assessment of $500. This sentence fell at the bottom of the applicable Guidelines range of 168 to 210 months' imprisonment. In calculating the sentence the Court considered the 18 U.S.C. 3553(a) factors and concluded that a "sentence within the guidelines range is reasonable." Id. The Court took into account Petitioner's family situation, finding that it was not extraordinary; the fact that Petitioner had hardships in the MDC; the fact that there were threats to his family; the fact that Petitioner attempted to cooperate with the Government; and all the other arguments that defense counsel made. (Id. at 14-17.) The Court concluded that the sentence of 168 months was not "greater than necessary" and that it would "serve as a deterrent to Petitioner and others." (Id. at 17.)

Petitioner appealed the judgement of this Court. Later, Petitioner's CJA-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no non-frivolous issues to appeal. In addition, the Government made a

3

motion to dismiss Petitioner's appeal or, in the alternative, for summary affirmance. The Second Circuit granted the Government's motion for summary affirmance and granted defense counsel's Anders motion.

This Petition for a writ of habeas corpus followed. Petitioner asserts that (a) he received an unreasonable sentence under 18 U.S.C. § 3553(a), and (b) he received constitutionally ineffective assistance of counsel.

### DISCUSSION

### I.   Petitioner's Waiver is Valid and Enforceable

The Second Circuit has held that a knowing and voluntary waiver of the right to challenge a sentence under Section 2255 is valid and enforceable. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless."); see also Gumbs v. United States, 8 F. Supp. 2d 882, 883 (S.D.N.Y. 1998) (holding that a Section 2255 "waiver is enforceable and constitutes a separate ground for dismissal of the Petition" when the sentence fell within the stipulated Guidelines range).

4

Here, Petitioner explicitly agreed to "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Sentencing Range of 168 to 210 months ...." (Plea Agmt. at 6.) However, this "waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been produced, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (internal citations omitted). Accordingly, the Court does not automatically enforce this waiver in the face of Petitioner's ineffectiveness of counsel claim, as it may call into question the very legitimacy of the § 2255 waiver. United States v. Concepcion, No. 09 Civ. 4537, 2009 WL 4884095, at *2 (S.D.N.Y. Dec. 16, 1009) (internal quotations omitted).

Nevertheless, the record establishes that Petitioner's waiver was knowing, voluntary and intelligent. First, during the plea, the Court specifically asked Petitioner whether he understood that he was giving up his right to appeal or in any other way litigate his sentence if it fell within the range stipulated by the Plea Agreement, and Petitioner responded in the affirmative. (Plea Tr. at 17.) Second, Petitioner confirmed that (1) he had discussed the Plea Agreement with his attorney, (2) that he fully understood the Plea Agreement, and (3) he had

5

not been induced or forced in any way to enter into the Plea Agreement. (Id. at 6-8, 18.) Third, and finally, as discussed below, Petitioner's counsel was not constitutionally ineffective.

Consequently, the waiver of Petitioner's right to file a § 2255 Petition challenging his sentence is valid and enforceable. Because the Court sentenced Petitioner to 168 months -- within the stipulated range of 168 to 210 months -- he has waived his right to challenge his sentence and is barred from filing this petition. Nevertheless, the Court considers the merits of Petitioner's claims below.

## II.   Petitioner's Claims Fail on the Merits

Petioner claims that (A) he received an unreasonable sentence under 18 U.S.C. § 3553(a), and (B) he received constitutionally ineffective assistance of counsel.

## A.   Petitioner's Sentence of 168 Months Was Not Unreasonable

The Second Circuit will affirm a sentence where "the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and (3) imposes a reasonable sentence." United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006)(citing United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)).

Here, Petitioner alleges that his sentence is unreasonable
because (1) it is greater than necessary, and (2) it was imposed
in violation of 18 U.S.C. 3553(a)(1). The Court finds these
claims to be without merit.

1. Petitioner's sentence was not greater than necessary

Petitioner's claim that his sentence was greater than
necessary may be procedurally barred from consideration on a
Section 2255 motion because it was not raised on direct appeal.
See Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)
("Insofar as claims regarding a sentencing court's error in
failing to properly apply the Sentencing Guidelines are neither
constitutional or jurisdictional, . . . absent a complete
miscarriage of justice, such claims will not be considered on a
§ 2255 motion where the defendant failed to raise them on direct
appeal.") First, it is unclear whether Petitioner raised this
claim on direct appeal, as he timely filed a notice of appeal
but then his counsel filed an Anders brief. Second, Petitioner
does not point to any errors of constitutional or jurisdictional
magnitude: none of his arguments rise to the level of a
"fundamental defect which inherently results in a complete
miscarriage of justice." Id.

But even if Petitioner were not barred from challenging his
sentencing length in this § 2255 Petition, it would fail on the
merits. Petitioner's sentence was at the bottom of the

Guidelines range. The Supreme Court has held that a sentence within the Guidelines range is presumptively reasonable. See Rita v. United States, 551 U.S. 338, 340 (2007). This is because such a sentence is in accordance with the "tens of thousands" of federal sentences examined by the United States Sentencing Commission. Id. at 349. Moreover, Petitioner himself stipulated to this range in his Plea Agreement and makes no claims that the range was calculated incorrectly.

Petitioner's sentence reflects his criminal conduct, which was widespread, and as the Court found, "extraordinarily serious." (Sent. Tr. at 17.) Petitioner admitted during his plea allocution that he conspired with others to import approximately 16,000 ecstasy pills from the Netherlands into the United States from May to November 2002; that he conspired with other to import over five kilograms of cocaine into the United States from St. Martin in September and November 2002; and that he conspired with others to distribute five or more kilograms of cocaine during the summer and fall of 2002. (Plea Tr. at 24-27.) In accordance with 18 U.S.C. § 3553(a), the serious nature of Petitioner's criminal conduct called for a lengthy sentence. The Court also regarded a sentence of this length as necessary to deter Petitioner and others from engaging in such conduct. (Sent. Tr. at 17.) Therefore, the sentence was not greater than necessary under 18 U.S.C. § 3553(a).

## 2. Petitioner's sentence was not imposed in violation of 18 U.S.C. § 3553(a)(1)

The Petitioner claims that this Court's sentence violated 18 U.S.C. § 3553(a)(1) (requiring sentencing judge to consider "the history and characteristics of the defendant") because it failed to take into account his substantial assistance to the Government (even though the Government did not move for a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance). See Fernandez, 443 F.3d at 33 (stating that in considering "the history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1), the sentencing judge "should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. §5K1.1").

The record clearly establishes that the Court took into account Petitioner's relevant history and characteristics, including Petitioner's cooperation. First, the Court found that there was no bad faith by the Government in deciding to deny Petitioner a 5K1.1 letter. (Sent. Tr. at 4.) Second, the Court considered Petitioner's efforts at cooperation -- such as making calls for the Government, (Sent. Tr. at 16) -- but found that the Petitioner's assistance was not sufficient to merit a decrease in his sentence. In fact, the Court noted that there

9

were "issues and problems of [Petitioner's] cooperation;
including the fact that [Petitioner] was not fully and
completely honest with [the Government] with respect to some of
his own actions." Id. The Court ultimately concluded that while
Petitioner may have felt that he tried to cooperate, he did not
provide substantial assistance to the Government. Id. Therefore,
the Court fully complied with 18 U.S.C. § 3553(a)(1).

## B. Petitioner's Counsel Provided Constitutionally Effective Assistance

Under Strickland v. Washington, 466 U.S. 668 (1984), a
claim of ineffective assistance of counsel requires a showing
that (1) counsel's performance fell below an objectively
reasonable standard of performance and (2) the deficient
performance prejudiced the outcome of the proceeding. See
United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990). On
the first prong, the Court "must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable
professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy." Bell v.
Miller, 500 F.3d 149, 156 (2d Cir. 2007). The Court must also
bear in mind that "there are countless ways to provide effective
assistance in any given case." Aguirre, 912 F.2d at 560 (citing
Strickland, 466 U.S. at 689). With respect to the second prong,

10

prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different. Strickland, 466 U.S at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694). A court need not address both prongs if a movant fails to make a sufficient showing on one. See Ordenes v. United States, No. 05 Civ. 8968, 2007 WL 1766772, at *10 (S.D.N.Y. June 9, 2007).

In the instant case, Petitioner alleges that his two assigned CJA attorneys were constitutionally ineffective because (1) counsel induced Petitioner to plead guilty by advising Petitioner that he could expect a ten year sentence, (2) counsel failed to object to the Court's unreasonable sentence, and (3) counsel failed to appeal the Court's unreasonable sentence. The Court finds these claims to be without merit.

1.   Petitioner's guilty plea was knowing and voluntary

Petitioner contends that counsel led him to believe that by pleading guilty, Petitioner would "likely be sentenced to the ten year mandatory minimum term, inasmuch as the undersigned had provided the Government substantial assistance in his efforts to cooperate." (Petition at 5.) However, Petitioner offers no evidence supporting this assertion and his own sworn statements

11

during his plea allocution and during sentencing repudiate his claim.

Petitioner's claim that his plea was "involuntarily made due to the erroneous advice or unrealized promises made by counsel 'afford[s] an all too easy avenue for the invalidating of his conviction on [a] plea of guilty.'" Hernandez v. United States, 839 F. Supp. 140, 143 (E.D.N.Y. 1993) (quoting United States v. Horton, 334 F.2d 153, 154 (2d Cir. 1964)). As a result, "when considering the voluntariness of a defendant's plea, courts look to the *voir dire* of the defendant ... to determine whether the plea reflected a 'knowing, free and rational choice of the alternatives open to the accused.'" Id. at 143 (quoting United States v. Melillo, 336 F. Supp. 1169 (S.D.N.Y. 1971)).

Based on Petitioner's sworn statements during the plea and sentencing colloquy, the Court finds that Petitioner's guilty plea was knowing and voluntary. During Petitioner's plea allocution, Petitioner told the Court that nobody had made him any promises or inducements "other then the plea agreement itself" to enter the plea. (Plea Tr. at 18.) Furthermore, Petitioner concedes that "counsel's advice fell short of a promise or assurance." (Petition at 5.) Additionally, during Petitioner's sentencing he told the Court that counsel told him "that I was looking at 11-14," and he received fourteen years.

12

(Sent. Tr. at 12.) Finally, Petitioner stipulated to a sentencing range of 168 to 210 months, and agreed that a departure below fourteen years would not be warranted. (Plea Agmt. at 4); (Plea Tr. 15-16.) Consequently, Petitioner's guilty plea was knowing and voluntary and counsel's performance did not fall below an objective standard of reasonableness.

## 2. Petitioner's counsel was not ineffective by failing to object to Petitioner's sentence

Petitioner next alleges that his counsel was constitutionally ineffective by failing to object to an unreasonable sentence that did not reflect Petitioner's cooperation with the Government. As discussed above, the Court did consider Petitioner's efforts to cooperate but found that Petitioner's assistance did not merit a decrease in his sentence. Therefore, it was not ineffective assistance of counsel to refrain from objecting to the sentence on this ground. Moreover, it is unlikely that the failure to object to the sentence on this ground prejudiced the outcome of the proceeding because this Court gave Petitioner the lowest Guidelines sentence. (Plea Agt at 6.) In addition, the Court found that the sentence was appropriate as a deterrent to potential serious crimes by Petitioner and others in the future. (Sent. Tr. at 17.) Therefore, the Court denies Petitioner's claim of ineffective assistance of counsel based on

13

counsel's failure to object to the sentence on the ground that the sentence failed to reflect Petitioner's cooperation.

### 3. The filing of an *Anders* brief does not render Petitioner's counsel ineffective

Finally, Petitioner alleges that his counsel was constitutionally ineffective because he filed an Anders brief instead of appealing the sentence. Petitioner asserts that had counsel appealed the sentence, the Second Circuit would have found it to be unreasonable and imposed in violation of the law. The Court disagrees.

As discussed above, a direct appeal was precluded by Petitioner's plea agreement. Moreover, "[t]he filing of an Anders brief does not itself constitute ineffective assistance of counsel." Jorge v. United States, 818 F. Supp. 55, 57 (S.D.N.Y. 1993) (citing McCoy v. Court of Appeals of Wisconsin District I, 486 U.S. 429, 442-44 (1988)). Petitioner has made no showing that appellate counsel's performance was deficient in this regard, as required by Strickland. Counsel thoroughly examined the case and found no appealable issues. Specifically, counsel explored whether the Government acted in good faith in refusing to move for a downward departure pursuant to U.S.S.G. § 5K1.1 and whether the Court correctly applied the sentencing Guidelines. Counsel found no grounds for appeal, and the Second Circuit agreed, granting the Government's motion for summary

affirmance and granting counsel's Anders motion. Since
Petitioner has not shown that the efforts of his counsel on
appeal fell below an objective standard of reasonableness, the
Court denies Petitioner's claim of ineffective assistance of
counsel.

## CONCLUSION

For the reasons set forth above, it is hereby ordered that
Petitioner's Petition for a writ of habeas corpus to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.
As Petitioner has failed to make a substantial showing of the
denial of a constitutional right, the Court declines to issue a
certificate of appealability. See 28 U.S.C. § 2253. Pursuant to
28 U.S.C. § 1915(a)(3), any appeal taken from this Order would
not be taken in good faith. The Clerk of the Court is directed
to close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:     New York, New York
           June 25, 2010

15